THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HELEN JANKOWSKI, Plaintiff in Error.

*Opinion filed October 22, 1927.*

1. CRIMINAL LAW—*question of variance is waived if not raised in trial or Appellate Court.* The question whether there is a variance between the allegations of the indictment and the proof must be deemed waived in the Supreme Court when not raised in the trial court or in the Appellate Court.

2. SAME—*when improper argument will not reverse.* Intemperate argument on the part of the prosecuting attorney will not require reversal of a judgment of conviction where it is clear that it had no effect on the verdict, either as to the finding of guilt, which the evidence shows beyond reasonable doubt, or as to the penalty inflicted.

WRIT OF ERROR to the Third Division of the Appellate Court for the First District;—heard in that court on writ of error to the Criminal Court of Cook county; the Hon. WORTH E. CAYLOR, Judge, presiding.

FOREST GARFIELD SMITH, for plaintiff in error.

OSCAR E. CARLSTROM, Attorney General, ROBERT E. CROWE, State's Attorney, and VIRGIL L. BLANDING, (HENRY T. CHACE, JR., and EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Helen Jankowski, was convicted in the criminal court of Cook county of mayhem and her punishment fixed at imprisonment in the county jail for a term of one year and a fine of $1000. The Appellate Court for the First District affirmed the judgment, and the cause is here for further review.

It is first contended that there is a variance between the allegations of the indictment and the proof, in that it is alleged that plaintiff in error maimed and disfigured Joseph Krysinski by throwing "a large quantity of a certain acid" into his face, thereby destroying his eyesight, whereas the medical proof shows that the injury might have been caused by either an acid or a strong alkali. This point was not raised in the trial court or in the Appellate Court and so has been waived. Moreover, it is without merit. Plaintiff in error admitted that the liquid which she threw into Krysinski's face was an acid solution which her husband used for cleansing the kitchen sink and the toilet.

It is next contended that the evidence does not show the guilt of plaintiff in error beyond a reasonable doubt. Krysinski, who was a candy jobber, met plaintiff in error when he called on her at her candy store. According to his testimony, when she sold the store, in November, 1924, she owed him a balance of $36.45. In September, 1925, $16 of this account remained unpaid and at her invitation he called to collect the money. She came to the door in response to his knock, and when she saw who was there she said something which he did not hear and closed the door. A moment later she opened the door again and threw something into his face which blinded him.

Antonia Drozdik testifies that she bought the candy store from plaintiff in error; that several months later plaintiff in error came to the store and asked her whether Krysinski still sold her candy; that upon her affirmative reply plaintiff in error asked her to tell Krysinski to call at her address, which she wrote on a card, and collect some money that was due him, and that the next day she delivered the card and the message to Krysinski.

Joseph Koziak testifies that he was demonstrating a new truck to Krysinski on September 26, 1925, and that they were hailed by plaintiff in error; that she asked Krysinski

to come to her house the following day to get some money which she owed him.

James H. Shay, a police officer who arrested plaintiff in error, says that she told him that she threw the acid in the face of Krysinski to protect herself from assault; that while she owned the candy store and was buying candy from him he ravished her at the back of the store; that she had sexual intercourse with him several times at the store and that after she had sold the store he came to her home a number of times; that her husband discovered her relations with Krysinski and divorced her; that Krysinski had not called on her for about four months prior to the assault; that September 27, 1925, he called at her house and entered over her protest; that she ran into her kitchen, shouting for help, and that he followed her; that as he was about to seize her she took from a shelf a bottle containing some liquid which her husband used to clean the toilet and threw some of it in his face; that he turned and ran from the house and she then threw the bottle and its contents after him; that the bottle struck the door jamb and broke. The officer examined the floor and carpets in the house but did not see any effects of the acid except at the front door, where Krysinski said the acid was thrown into his face. Krysinski testified in rebuttal that he had had no immoral relations with plaintiff in error and that he had never assaulted her.

On the trial plaintiff in error testified that Krysinski made indecent proposals to her while she was buying candy from him; that one day when she went into the kitchen to get the money to pay him he followed her and forced her to have sexual intercourse with him; that after she sold the store he came to her house and had sexual intercourse with her there; that because of her relations with Krysinski her husband divorced her; that on the day of the assault Krysinski called at the house, and when she opened the door in response to his rap he rushed into the house over

her protest; that she ran from him, and as he was about to seize her she grabbed a bottle from the kitchen shelf, removed the cork and threw the contents into his face; that he turned to run from the house and she threw the remainder of the bottle's contents after him. Her sister and brother-in-law, who lived in the same building, on the floor above, testified that they heard her calling for help and that the call came from her kitchen; that they saw Krysinski running from the house and that before they could get down-stairs he was gone; that they inquired of her what had happened, and when she told them they called the police; that they saw some broken glass in the front hall and some liquid on the walls in the hall and on the floor in the kitchen. Anna Cardinal, who lived near the home of plaintiff in error, testifies that she saw Krysinski visit her home a number of times prior to September, 1925, and that he would remain there fully three-quarters of an hour.

It is evident that neither plaintiff in error nor the complaining witness is telling the whole truth, but the jury saw and heard the witnesses and were in a better position to weigh the testimony of all the witnesses than we are. Plaintiff in error admits that she destroyed Krysinski's eyesight by throwing acid in his face, and her sole defense is that she was justified in doing so to protect herself from assault. The jury have decided that her version of the occurrence is not true, and we agree with them. Krysinski called on her at her invitation, and the physical condition of the house after the occurrence corroborates his version of it.

It is finally contended that the verdict is the result of passion and prejudice induced by the intemperate argument of the prosecuting attorney. Whatever merit there is in the criticism of the argument it is clear that it did not affect the jury's verdict. There is no doubt of the guilt of plaintiff in error, and the only effect an improper argument could have had would have been an undue increase in the punishment. Under the statute the jury might have fixed

the punishment at imprisonment in the penitentiary. The fact that they have imposed a lesser punishment in this case, where the results of the assault are so serious, indicates that the jury gave to the defense all the credit to which it was entitled.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*